GEORGE DECKER v. THE STATE.

No. 1716.    Decided April 17, 1912.

Rehearing Granted May 8, 1912.

1.—Local Option—Recognizance—Reinstatement.

Where the recognizance failed to state the amount of the punishment assessed, the same was fatally defective. However, the appellant having filed a new recognizance, the appeal was reinstated.

2.—Same—Insufficiency of the Evidence.

Where the State's testimony did not show that the alleged liquor was either whisky or of an intoxicating character, and the defendant's testimony showed that it was water, the conviction could not be sustained.

Appeal from the County Court of Madison.    Tried below before the Hon. Tom D. Clark.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $30 and thirty days confinement in the county jail.

The opinion states the case.

*Carl T. Harper,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This record is before us with an insufficient recognizance. The Assistant Attorney-General has moved to dismiss the appeal for that reason. The recognizance is fatally defective, in that it does not state the amount of the punishment assessed against the appellant. For this reason the appeal will be dismissed.

*Dismissed.*

ON REHEARING.

May 8, 1912.

DAVIDSON, PRESIDING JUDGE.—On a former day of the term the appeal herein was dismissed for want of a sufficient recognizance. Following the statute appellant has entered into a new recognizance, which is filed with the motion requesting a reinstatement and rehearing of the appeal. The recognizance is in compliance with the statute, therefore the dismissal is set aside, and the case reinstated to be tried upon its merits.

Without going into the various questions suggested for consideration we are of opinion the State has failed to make out a case. Appellant was charged with violating the local option law. Gilbert, the alleged purchaser, testified that he lived about six miles south of the town of Madisonville; that on the 10th of June last he met defendant and Hall in a buggy. They were going towards town and he, witness, was leaving town. Defendant asked him if he "wanted anything,"

and witness told him, yes, he would take twenty-five cents worth. Appellant gave him a half pint bottle filled with something that "looked white." He gave appellant a dollar. Appellant did not give him any change. He got out of the wagon and went back to get his change; that he did not get the money that day. Two days subsequently appellant handed him his money, that is, he gave witness back his dollar. Witness says after he gave appellant the dollar at the time he got the half pint bottle from him that he got in his wagon and went home, but does not remember having drank any of the liquid out of the bottle he got from appellant. He says he does not know what become of the stuff he bought from appellant, and would not swear that it was either whisky or alcohol. He says he was drinking when this happened and did not remember ever having drank any of the stuff he bought from appellant, and did not know what became of it. He says it made him mad because appellant would not give him his seventy-five cents. This is the State's case.

Henry Hall testified that he witnessed the transaction between the parties, and was the Hall mentioned by the former witness, Gilbert, as being in the buggy with defendant at the time of the transaction. He says they left town together, and after they got nearly to the poor farm he found a half pint bottle by the side of the road and appellant got out and picked it up, and said, "I will fill this full of water and the first man we meet that wants some whisky I will sell it to him for alcohol." They drove until they got to a branch, and the defendant got out, filled the bottle with water. They decided they would go back to town and attend an entertainment, and while returning they met George Gilbert. Defendant asked him if he wanted anything to drink, and Gilbert said, "I will take twenty-five cents worth," and defendant gave him the half pint bottle of water. Witness said he knew it was water and nothing else. Gilbert gave appellant a dollar, and appellant drove on towards town. Appellant testified to the same facts. This evidence is not sufficient to justify the conviction.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*